IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MINNESOTA LIFE INSURANCE COMPANY, | § § § | |
| Plaintiff-Stakeholder, | § § | |
| v. | § § § | 1:18-CV-961-RP |
| FREDERICK RAGLIN, ANTHONY JENKINS, CYNTHIA LAIR, and JACQUELYN TAYLOR, | § § § § § § | |
| Defendant-Claimants. | § | |

**ORDER**

The Court enters the following order to advise all parties on the status of this case and set a deadline for Defendants to assert any claims.

An interpleader action has two stages. *Rhoades v. Casey*, 196 F.3d 592, 600 (5th Cir. 1999). First, the court determines whether to allow a plaintiff to join defendants with competing claims to a single fund in the plaintiff's possession. *Id.* If the court approves the interpleader action, the plaintiff may deposit the funds with the court and be dismissed from the case. *Sanchez v. Prudential Inv. Mgmt., Inc.*, No. 5:15-CV-982-DAE, 2017 WL 5177644, at *3 (W.D. Tex. Jan. 6, 2017). The second stage of the case determines the defendants' respective rights to the disputed funds. *Id.*

This case will now proceed to the second stage, pursuant to the following order.

**I. Dismissal of Minnesota Life**

On April 8, 2019, Plaintiff Minnesota Life Insurance Company ("Minnesota Life") advised the Court that all parties had agreed to a proposed order granting interpleader, which the Court granted. (*See* Advisories, Dkts. 8, 9; Order, Dkt. 10).

1

The Order directed Minnesota Life to pay the benefits of Ms. William's life insurance policy, totaling approximately $35,000 after attorney's fees, into the Court's registry within 30 days. (Order, Dkt. 10, at 2). The Order provided that upon payment of the amounts described above, Minnesota Life is dismissed from this lawsuit, and discharged any further liability pertaining in any way to the life insurance policy issued on the life of Marion Williams, deceased, and Defendants. (*Id.*).

Minnesota Life has now completed its obligations under the Order by depositing the funds with the Court on May 2, 2019. Pursuant to the Order, the Court will dismiss Minnesota Life from this action.

## II. Obligations of the Defendant-Claimants

With the interpleader now approved and the funds deposited with the Court, the Court must determine the defendants' respective rights to the disputed funds. However, none of the Defendants have yet participated in this case as required. The Court will allow one extension to allow Defendants to participate in this case and assert any claims they might have to the funds.

Minnesota Life filed the action on November 8, 2018. (Dkt. 1). Each Defendant executed a waiver a service, and all Defendants' Answers were due on January 7, 2019. (*See* Raglin and Taylor Waiver, Dkts. 2; Lair Waiver, Dkt. 3; Jenkins Waiver, Dkt. 4). However, no Defendant has filed an answer or appeared in this case at any time. The Court warns Defendants that when a party fails to timely plead or defend their case, the court may hold them in default. Fed. R. Civ. P. 55(a). A party in default waives any claim to the funds in dispute. *See Lincoln Nat'l Life Ins. Co. v. Allen*, No. 6:16-CV-00139-RP-JCM, 2017 WL 8896874, at *1 (W.D. Tex. Jan. 9, 2017), *report and recommendation adopted*, No. 6-16-CV-139-RP, 2017 WL 8939949 (W.D. Tex. Mar. 1, 2017).

Additionally, the parties have not yet submitted a proposed scheduling order. Parties are required to submit a proposed scheduling order to the Court no later than sixty days after any

appearance of any defendant. *See* W.D. Tex. Loc. R. CV-16(c). Defendants were due to appear no later than January 7, 2019.

The Court will grant an extension of 60 days from the date of this order for each Defendant to file an individual answer and for the Defendants to file a joint proposed scheduling order. Failure to do so may result in the dismissal of this action with prejudice. *See* Fed. R. Civ. P. 41(b) (action may be dismissed for want of prosecution or failure to comply with court order); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) (district court has authority to dismiss case for want of prosecution or failure to comply with court order).

### III. Conclusion

Pursuant to the order granting interpleader, (Dkt. 10), Minnesota Life is **DISMISSED WITH PREJUDICE** from this action.

The Court further **ORDERS** that Minnesota Life is discharged from any further liability pertaining in any way to the life insurance policy (including accidental death and dismemberment benefits) issued on the life of Marion Williams, deceased, and Defendants, and all persons acting by or through any of them, are permanently enjoined from taking any further action against Minnesota Life or any parent, subsidiary or affiliate thereof.

The Court further **ORDERS** that the deadline for each Defendant to file an Answer or otherwise assert a claim to the funds at issue is extended to no later than **September 29, 2019**.

The Court further **ORDERS** Defendants to consult the website for the U.S. District Court for the Western District of Texas (www.txwd.uscourts.gov), the "Judges' Info" tab, "Standing Orders," "Austin Division," and file a joint proposed scheduling order using District Judge Robert Pitman's form no later than **September 29, 2019**.

The Court further **ORDERS** that the Clerk of Court shall send a copy of this order by certified mail to each Defendant at the address provided in their waiver of service. (*See* Raglin and Taylor Waiver, Dkts. 2; Lair Waiver, Dkt. 3; Jenkins Waiver, Dkt. 4).

**SIGNED** on July 31, 2019.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE